Ginam Lee (SBN 204561)
Jeffrey Kim (SBN 297294)
LEGACY PRO LAW, PC.
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Tel. (213) 382-8051
Fax. (866) 203-0408
E-mail: gLee@LawLPL.com
E-mail: jKim@LawLPL.com

Attorneys for PLAINTIFF YOUNG RAN SURHUR

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

YOUNG RAN SURHUR, *an individual*

Plaintiff,

v.

DOUGLAS WILLIAMS, an individual; and DOES 1 through 10, inclusive,

Defendants.

**Case No.:** ____________________

**COMPLAINT FOR:**

1. **FEDERAL TRADEMARK INFRINGEMENT**
2. **BREACH OF CONTRACT**
3. **BREACH OF IMPLUIED CONVENANT OF GOOD FAITH & FAIR DEALING**
4. **FALSE PROMISE**
5. **INTENTIONAL MISREPRESENTATION**
6. **NEGLIGENT MISREPRESENTATION**
7. **DECLARTORY RELIEF**

Plaintiff YOUNG RAN SURHUR (hereinafter "SURHUR" or "Plaintiff"), for her Complaint against DOUGLAS WILLIAMS (hereinafter "WILLIAMS" or "Defendant"), alleges as follows:

## PARTIES

1. Plaintiff is an individual and is now, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

2. Plaintiff is the owner of two federal trademark registrations for "TEENAGE MILLIONAIRE" in International Classes 25 and 35, as well as a pending federal trademark application for "TEENAGE MILLIONAIRE" in International Classes 14 and 18, (collectively referred to herein as the "TEENAGE MILLIONAIRE Marks"), including the following: U.S. Trademark Registration Nos. 5199155, 3940510 and U.S. Trademark Serial No. 88067019.

3. Defendant is an individual and is now, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

4. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate, and/or partnership entities, names herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names. Plaintiffs will seek leave to amend this Complaint when their true names and capacities are ascertained. Plaintiffs are informed and believe, and based thereon allege, that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

5. Plaintiff is informed and believe, and based thereon allege, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendant and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant and DOES 1 through 10, inclusive, failed and/or refused to perform.

6. Defendants WILLIAMS and DOES 1 through 50 are hereinafter collectively referred to as "Defendants."

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

7. On information and belief, Plaintiff alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent, servant, and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment, with the knowledge, approval, consent, or ratification of each of the other Defendants.

**JURISDICTION AND VENUE**

8. This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, *et seq.*; and under the statutory and common law of unfair competition. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121, because SURHUR's claims arise under the trademark laws of the United States. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over Plaintiff's claims that arise under the laws of the State of California.

9. This Court has personal jurisdiction over the Defendants because they transact business in the State of California.

10. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) and (c) because Defendants reside in this judicial district, a substantial part of the events, omissions, and acts that are the subject matter of this action occurred within the Central District of California, and Defendants are subject to personal jurisdiction and may be found in this district.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

**A. Teenage Millionaire LLC, Teenage Millionaire, Inc., Williams and its Trademarks**

11. Plaintiff is informed and believes, that on or about April 2001, Defendant and his partner Chris Hoy incorporated Teenage Millionaire, LLC

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

("TMLLC") as a wholesale clothing business. On or about March 2004, Defendant and Chris Hoy also incorporated Teenage Millionaire, Inc. ("TMINC") as a manufacturer of T-shirts.

12. On or about March 9, 2004, TMLLC obtained U.S. Federal Trademark Registration No. 2821028 for "TEENAGE MILLIONAIRE" in International Class 25.

13. On or about May 10, 2005, TMLLC obtained U.S. Federal Trademark Registration No. 2947339 for "JESUS IS MY HOMEBOY" in International Class 25.

14. On or about October 2006, TMINC obtained U.S. Copyright registration number VAu736-238 that incorporated various logo illustrations containing "Teenage Millionaire," "Jesus Is My Homeboy," and "Mary Is My Homegirl."

15. On or about October 16, 2006, Chris Hoy sent an email to Plaintiff's husband, Nicodemum Sur, attaching a sheet of Teenage Millionaire logos that included the "Jesus Is My Homeboy" logo.

16. On or about February 27, 2007, TMINC executed a "Deed of Assignment" to Plaintiff's husband assigning U.S. Copyright No. VaU 736-238 that included all trademarks and copyright to the "TEENAGE MILLIONAIRE" trademark and logo illustrations, including the "Jesus is My Homeboy" logo illustration, for Korea, Japan, China, and Asia.

17. Subsequently, on or about July 20, 2007, TMLLC assigned its "TEENAGE MILLIONAIRE" and "JESUS IS MY HOMEBOY" marks to WILLIAMS.

18. WILLIAMS went on to register "TEENAGE MILLIONAIRE" as a U.S. federal trademark in International Class 35 on or about April 5, 2011 (Registration No. 3940510).

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

19. Although the "TEENAGE MILLIONAIRE" mark (Reg. No. 2821028) was cancelled on or around October 10, 2014 and the "JESUS IS MY HOMEBOY" mark (Reg. No. 2947339) was cancelled on or around December 11, 2015, both for a failure to renew, WILLIAMS went on to register an identical "TEENAGE MILLIONAIRE" mark (Reg. No. 5199155) and an identical "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916) on or about May 9, 2017 for both "new" marks.

**B. Assignment of Teenage Millionaire Marks to Plaintiff**

20. On or about August 2017 WILLIAMS and SURHUR entered into an oral agreement whereby WILLIAMS agreed to assign to Plaintiff all trademarks, copyrights, and goodwill related to WILLIAMS' business, including but not limited to, the the following trademarks: "TEENAGE MILLIONAIRE" in International Class 35 (Reg. No. 3940510); "TEENAGE MILLIONAIRE" in International Class 25 (Reg. No. 5199155); and "JESUS IS MY HOMEBOY" in International Class 25 (Reg. No. 5198916) (collectively hereinafter the "Assigned Marks").

21. Plaintiff's acquisition of WILLIAMS' interest in TEENAGE MILLIONAIRE completed the initial acquisition by her husband's of TMINC's interest in the TEENAGE MILLIONAIRE marks, that included the "Jesus Is My Homeboy" logo illustration.

22. On October 13, 2017, Defendant and Plaintiff entered into a written agreement entitled "Trademark Assignment Agreement" ("Agreement"). The Agreement provides that Defendant conveys and assigns to Plaintiff all of Defendant's right, title, and interest in and to the Mark, together with the goodwill of the business symbolized by the Mark. The "Mark" referenced the TEENAGE MILLIONAIRE marks referenced above.

23. As part of the Agreement, Defendant, as the "Assignor", executed a Deed of Assignment to Defendant, as the "Assignee" with the following provision: "Assignor hereby transfers, conveys, and assigns unto Assignee, on a worldwide

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

basis all of Assignor's right, title, and interest in and to the above said trademark registration and that part of the good will of the business of Assignor connected with the use of and symbolized by the mark effective as of October 13, 2017."

24. The Agreement further provides that Defendant agrees to make no further use of the Mark or any mark confusingly similar thereto, anywhere in the world, excepts as may be expressly authorized by the parties in writing, and Defendant agreed to not challenge Plaintiff's use or ownership, or the validity of the Mark.

25. Defendant's business was the use of the TEENAGE MILLIONAIRE mark and its good will is substantially connected to the "JESUS IS MY HOMEBOY" logo illustration and trademark because it has been a mainstay and banner brand associated with "TEENAGE MILLIONAIRE." SURHUR would not have entered into an agreement that only assigned her rights to "TEENAGE MILLIONAIRE" but not "JESUS IS MY HOMEBOY."

26. The assignment of the "TEENAGE MILLIONAIRE" marks from WILLIAMS to SURHUR was effectuated on or about October 13, 2017 by way of a Deed of Transfer and recorded with the United States Patent and Trademark Office ("USPTO").

27. However, the assignment of the "JESUS IS MY HOMEBOY" mark was never recorded with the USPTO.

28. On information and belief, WILLIAMS has, and continues to, misrepresent that he is the owner of the "JESUS IS MY HOMEBOY" mark, and has manufactured and sells a variety of products bearing the mark thereby infringing upon SURHUR's rights in violation of the Agreement.

29. On information and belief, WILLIAMS has offered, and is offering for sale, and selling clothing items bearing the "JESUS IS MY HOMEBOY" mark. WILIAMS' use of the "JESUS IS MY HOMEBOY" mark in connection with these

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

accused products continued after he assigned the mark to SURHUR, and without SURHUR's authorization, permission, or consent.

30. WILLIAMS is not authorized to use the "JESUS IS MY HOMEBOY" mark in connection with his goods or services, nor is WILLIAMS affiliated with SURHUR.

31. On information and belief, WILLIAMS acted with full knowledge of SURHUR's ownership and use of SURHUR's registered trademarks, and without SURHUR's authorization or consent, and has engaged in an intentional infringement by selling items bearing the "JESUS IS MY HOMEBOY" mark in order to interfere with and capitalize on SURHUR's ownership, reputation, and goodwill.

32. WILLIAMS' use of the "JESUS IS MY HOMEBOY" mark and sale of infringing goods is likely to cause confusion, mistake, and deception among the public and purchasers, such that members of the public and purchasers of the infringing products are likely to be confused as to the existence of an association, connection, or relationship between SURHUR and WILLIAMS, and confused into believing WILLIAMS' products are endorsed by, connected to, or affiliated with SURHUR.

33. WILLIAMS' use of the "JESUS IS MY HOMEBOY" mark in connection with his goods is confusingly similar to SURHUR's "JESUS IS MY HOMEBOY" mark.

34. On information and belief, WILLIAMS has acted willfully, in bad faith, and with intent to confuse and mislead the public and unfairly trade on the substantial and valuable goodwill encompassed in SURHUR's "JESUS IS MY HOMEBOY" mark to capitalize on SURHUR's highly respected reputation.

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement – 15 U.S.C. §1114)**

35. SURHUR repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 34 above, inclusive, as though fully set forth herein.

36. By the acts and omissions set forth, WILLIAMS has infringed and continue to infringe SURHUR's rights regarding her federal trademark registrations, in violation of Section 32 of the Lanham Act, 15 U.S.C. Section 1114. WILLIAMS' conduct and use of "JESUS IS MY HOMEBOY" is likely to cause confusion, mistake, and deception among the general purchasing public as to the affiliation, connection, association, origin, sponsorship, or approval of their goods, and interferes with SURHUR's ability to use her mark to indicate a single quality control source of goods and services.

37. SURHUR has suffered, is suffering, and will continue to suffer irreparable injury for which SURHUR has no adequate remedy at law. SURHUR is therefore entitled to a permanent injunction against further infringing conduct by WILLIAMS.

38. WILLIAMS has profited and is profiting by such infringement and SURHUR has been and is being damaged by such infringement. SURHUR is therefore entitled to recover damages from WILLIAMS in an amount to be proven at trial, as a consequence of WILLIAMS' infringing activities.

39. WILLIAMS' aforesaid infringing conduct has been willful, wanton, and malicious, and done with an intent to deceive. SURHUR is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. Section 1117(a).

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

**SECOND CLAIM FOR RELIEF**

**(Breach of Contract)**

40. SURHUR repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 39 above, inclusive, as though fully set forth herein.

41. On or about October 13, 2017 SURHUR and WILLIAMS entered into the Agreement whereby WILLIAMS agreed to assign the following trademarks to SURHUR: "TEENAGE MILLIONAIRE" in International Class 35 (Reg. No. 3940510); "TEENAGE MILLIONAIRE" in International Class 25 (Reg. No. 5199155); and "JESUS IS MY HOMEBOY" in International Class 25 (Reg. No. 5198916).

42. SUHUR has performed all of her obligations, covenants, and conditions required of her under the oral agreement, except to the extent any such obligations, covenants, or conditions have been excused, prevented or waived by WILLIAMS' acts and omissions.

43. WILLIAMS breached the Agreement by failing to assign the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916) to SURHUR, and continuing to use "Jesus is My Homeboy" logo illustration.

44. SURHUR has been damaged as a direct result of WILLIAMS' breach, and SURHUR is therefore entitled to recover damaged from WILLIAMS in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**

**(Breach of Implied Covenant of Good Faith & Fair Dealing)**

45. SURHUR repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 44 above, inclusive, as though fully set forth herein.

46. In every contract or agreement there is an implied promise of good faith and fair dealing that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract.

47. WILLIAMS violated the covenant of good faith and fair dealing implied in every agreement by failing to act fairly and in good faith.

48. SURHUR entered into a written agreement with WILLIAMS on or about October 13, 2017 for the assignment of the Assigned Marks, together with the goodwill of the business symbolized by the Assigned Marks.

49. SURHUR has performed all of her obligations, covenants, and conditions required of her under the written agreement, except to the extent any such obligations, covenants, or conditions have been excused, prevented or waived by WILLIAMS' acts and omissions.

50. WILLIAMS unfairly interfered with SURHUR's right to receive the benefits of the agreement by breaching the agreement between SURHUR and WILLIAMS when he failed to properly convey and assign his rights to "JESUS IS MY HOMEBOY" (Reg. No. 5198916) to SURHUR, and continued to use the mark.

51. SURHUR has been damaged as a direct result of WILLIAMS' breach, and SURHUR is therefore entitled to recover damaged from WILLIAMS in an amount to be proven at trial.

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

## <u>FOURTH CLAIM FOR RELIEF</u>

### (False Promise)

52. SURHUR repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 51 above, inclusive, as though fully set forth herein.

53. On or about October 13, 2017, WILLIAMS made a promise to SURHUR to assign his rights to the Assigned Marks to SURHUR, and to make no

further use of the Assigned Marks or any mark confusingly similar thereto, anywhere in the world.

54. SURHUR is informed and believes and based thereon alleges that WILLIAMS had no intention of assigning his rights to the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916) to SURHUR at the time WILLIAMS made the promise, but rather only intended to assign his two "TEENAGE MILLIONAIRE" marks (Reg. Nos. 3940510 & 5199155) to mislead SURHUR into believing that WILLIAMS had assigned his rights to all of the Assigned Marks.

55. SURHUR is informed and believes and based thereon alleges that WILLIAMS intended that SURHUR would rely on his promise, thereby inducing SURHUR to proceed under a good faith belief that the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916) had successfully been assigned to her.

56. SURHUR reasonably relied on WILLIAMS' promise because his two "TEENAGE MILLIONAIRE" marks (Reg. Nos. 3940510 & 5199155) had, in fact, been successfully assigned to SURHUR.

57. WILLIAMS' did not, in fact, assign his rights to the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916) to SURHUR as he had promised.

58. SURHUR's reliance on the promise made by WILLIAMS was a substantial factor in causing her harm.

59. SURHUR has been harmed by WILLIAMS' false promise, and is therefore entitled to recover damaged from WILLIAMS in an amount to be proven at trial.

60. In acting or omitting to act in the manner described herein, WILLIAMS acted with malice, fraud, and oppression warranting the imposition of punitive damages in a sum sufficient to deter them and others from similar wrongful conduct in the future.

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

## FIFTH CLAIM FOR RELIEF

### (Intentional Misrepresentation)

61. SURHUR repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 60 above, inclusive, as though fully set forth herein.

62. On or after October 13, 2017, WILLIAMS represented to SURHUR that he had assigned all of his rights to the Assigned Marks to SURHUR, including his rights to the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916).

63. WILLIAMS further represented that after October 13, 2017, WILLIAMS would make no further use of the Assigned Mark or any mark confusingly similar, anywhere in the world.

64. These representations by WILLIAMS, as described above, were false in that WILLIAMS had not in fact assigned his rights in the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916) to SURHUR, and continues his use of the "Jesus Is My Homeboy" logo illustration.

65. SURHUR is informed and believes and based thereon alleges that WILLIAMS knew that the representations were false when making, or in the alternative, made the representation recklessly and without regard for its truth. SURHUR is further informed and believes that WILLIAMS purposefully misrepresented the true facts regarding the assignment of the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916) to induce SURHUR to refrain from taking actions to effectuate the assignment to her detriment, and so that he could continue to represent that he was the rightful owner of the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916).

66. SURHUR is informed and believes and based thereon alleges that WILLIAMS intended that SURHUR would rely on the representation and thereby rest assured in her belief that the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916) had been assigned to her based on WILLIAMS' false representations.

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

67. SURHUR reasonably relied on the false representation made by WILLIAMS and believed that she had, in fact, been assigned the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916).

68. SURHUR's reliance on the false representation made by WILLIAMS was a substantial factor in causing her harm.

69. SURHUR has been harmed by WILLIAMS' false representations, and is therefore entitled to recover damaged from WILLIAMS in an amount to be proven at trial.

70. In acting or omitting to act in the manner described herein, WILLIAMS acted with malice, fraud, and oppression warranting the imposition of punitive damages in a sum sufficient to deter them and others from similar wrongful conduct in the future.

## SIXTH CLAIM FOR RELIEF

## (Negligent Misrepresentation)

71. SURHUR repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 70 above, inclusive, as though fully set forth herein.

72. On or after October 13, 2017, WILLIAMS represented to SURHUR that he had assigned all of his rights to the Assigned Marks to SURHUR, including his rights to the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916).

73. WILLIAMS further represented that after October 13, 2017, WILLIAMS would make no further use of the Assigned Mark or any mark confusingly similar, anywhere in the world.

74. These representations by WILLIAMS, as described above, were false in that WILLIAMS had not in fact assigned his rights in the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916) to SURHUR, and continues his use of the "Jesus Is My Homeboy" logo illustration.

75. SURHUR is informed and believes and based thereon alleges that although WILLIAMS may have honestly believed that the representation was true, WILLIAMS had no reasonable grounds for believing the representation to be true when he made such representations to SURHUR.

76. SURHUR is informed and believes and based thereon alleges that WILLIAMS intended that SURHUR would rely on the representation and thereby rest assured in her belief that the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916) had been assigned to her based on WILLIAMS' representations.

77. SURHUR reasonably relied on the representation made by WILLIAMS and believed that she had, in fact, been assigned the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916).

78. SURHUR's reliance on the false representations made by WILLIAMS was a substantial factor in causing her harm.

79. SURHUR has been harmed by WILLIAMS' representations, and is therefore entitled to recover damaged from WILLIAMS in an amount to be proven at trial.

80. In acting or omitting to act in the manner described herein, WILLIAMS acted with malice, fraud, and oppression warranting the imposition of punitive damages in a sum sufficient to deter them and others from similar wrongful conduct in the future.

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Relief Seeking a Determination of Trademark Rights)

81. SURHUR repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 80 above, inclusive, as though fully set forth herein.

82. As a result of WILLIAMS' misrepresentations and false promise that he had assigned his rights to the "JESUS IS MY HOMEBOY" mark (Reg. No.

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

5198916) to SURHUR, SURHUR has operated under a good faith belief that the trademark belonged to her.

83. WILLIAMS has perpetrated a fraud on SURHUR by falsely promising that he would assign all of the Assigned Marks including the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916) to SURHUR, and then misrepresenting that he had, in fact, assigned the rights to SURHUR.

84. As a result, any rights to the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916) purportedly belonging to WILLIAMS exist by way of duress, fraud, menace, or undue influence exercised by WILLIAMS.

85. An actual controversy now exists between SURHUR and WILLIAMS as to the rightful ownership of the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916).

86. SURHUR now seeks a declaration to determine the rightful owner of the "JESUS IS MY HOMEBOY" mark (Reg. No. 5198916).

## PRAYER FOR RELIEF

WHEREFORE, SURHUR prays for an order and judgment against Defendants, and each of them, as follows:

1. That Defendants, and each of them, their officers, directors, partners, agents, servants, distributors, affiliates, employees, representatives, and all those in privity or acting in concert with Defendants or on their behalf, be permanently enjoined and restrained from, directly or indirectly:

a. Manufacturing, selling, offering to sell, importing for sale, advertising, displaying, or using the "JESUS IS MY HOMEBOY" mark, in connection with the manufacture, distribution, sale, advertising, marketing, and promotion of any clothing, apparel, or accessories;

b. Using in any other way any other mark or designation so similar to SURHUR's trademarks as to be likely to cause confusion, mistake, or deception, or to misappropriate SURHUR's intellectual property;

c. Representing or implying that Defendants are in any way sponsored by, affiliated with, endorsed by, or licensed by SURHUR;

d. Otherwise competing unfairly with SURHUR in any manner;

e. Using any words, names, styles, designs, titles, or marks that create a likelihood of injury to the business reputation of SURHUR and the goodwill associated therewith;

f. Using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure SURHUR's business and goodwill pertaining thereto; and

g. Continuing to perform in any manner whatsoever any of the acts complained of in this complaint.

2. For an order requiring Defendants to deliver to SURHUR's attorneys within thirty (30) days after the entry of any preliminary or permanent injunction, to be impounded or destroyed by SURHUR, all literature, signs, labels, prints, packages, wrappers, containers, advertising and promotional materials, products, and any other written materials or items in Defendants' possession or control that bear the aforesaid infringing mark or design, together with all means and materials for making or reproducing the same, pursuant to 15 U.S.C. § 1118, and other applicable laws;

3. For an order requiring Defendants to file with the Clerk of this Court and serve SURHUR, within thirty (30) days after entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with 1 through 2 above;

4. For an award of Defendants' profits and SURHUR's damages according to proof at trial;

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Phone: (213) 382-8051 | Fax: (866) 221-0298

5. For an award of three times SURHUR's damages or Defendants' profits in view of the intentional and willful nature of Defendants' acts, pursuant to 15 U.S.C. § 1117;

6. For an order requiring Defendants to account for and pay to SURHUR all gains, profits, and advantages derived by Defendants from the unlawful activities alleged herein, and/or as a result of unjust enrichment;

7. For exemplary and punitive damages in an amount deemed adequate to punish and to make examples of Defendants to be determined at the time of trial;

8. For an award of reasonable attorneys' fees under 15 U.S.C. § 1117;

9. For an award of pre- and post-judgment interest at the highest rate allowed by law;

10. For an award of costs and disbursements incurred in this action; and

11. For such further relief as this Court shall deem just and proper.

**DEMAND FOR JURY TRIAL**

SURHUR hereby demands a jury trial in this action.

DATED: January 31, 2019

**LEGACY PRO LAW, PC**

[signature]

Jeffrey Kim, Esq.
Attorneys for Plaintiff,
YOUNG RAN SURHUR